UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WHITELAW,

    *Plaintiff*,                            Case No. 13-CV-10748

*v.*                                          DISTRICT JUDGE PAUL D. BORMAN
                                            MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT COMMISSIONER'S MOTION TO DISMISS
(Doc. 9)

       This matter is before the undersigned magistrate judge pursuant to an order of reference filed February 22, 2013. (Doc. 2.) On August 6, 2013, Defendant filed the instant motion to dismiss contending that Plaintiff's filing of his complaint seeking judicial review of the Commissioner's decision was untimely. Plaintiff, who is represented by counsel, has not filed any response to the motion, and the time for response has passed. The motion is therefore ready for Report and Recommendation.

       Judicial appeals of Social Security decisions are authorized and governed by 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Consistent with this statutory authority, the Commissioner's regulations provide that such a civil action

> must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision . . . is received by the individual . . . . For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision . . . shall presumed to be 5 days afer the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). The statute of limitations as set forth in section 405(g) serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). Courts have strictly construed the statute of limitations in Social Security appeals. "Even one day's delay in filing the action is fatal." *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E. D. Pa.1976). *See also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint filed one day late); *Watson v. Comm'r of Soc. Sec.*, No. 1:06-cv-446 (W.D. Mich. Sept. 10, 2007) (appeal dismissed as untimely when filed four days late); *Zampella v. Barnhart*, No. 03-232-P-C, 2004 WL 1529297 (D. Me. June 16, 2004) ("[w]hile this result might be considered harsh, delays of a single day have been held to require dismissal").

In the instant case, the Appeals Council denied Plaintiff's request for review on December 13, 2012. (Doc. 9, Ex. 1, Decl. of Patrick J. Herst, ¶ 3(a).) Plaintiff's complaint should have been filed within 65 days, i.e., on or before February 18, 2013.[1] Therefore, Plaintiff's complaint filed on February 21, 2013, is untimely, and must be dismissed.

---

[1] As noted by Defendant, the expiration of 65 days occurred on Saturday, February 16, 2013, but the next business day was Monday, February 18, 2013. (Doc. 9 at 9, n. 3.)

Accordingly, **IT IS RECOMMENDED** that the Commissioner's motion be **GRANTED** and that the case be **DISMISSED.**

                                                 s/ *Charles E Binder*
                                             CHARLES E. BINDER
Dated: September 17, 2013              United States Magistrate Judge

### CERTIFICATION

      I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on counsel of record via the Court's ECF System.

Date: September 17, 2013        By     s/Patricia T. Morris
                                                     Law Clerk to Magistrate Judge Binder